JACKSON, District Judge.
This cause having been heard, the court upon the evidence makes the following
Findings of Fact.
(1) The complainant, a citizen of the United States, residing at Harpers Ferry, W. Va., was duly appointed a member of the World’s Columbian Commission from the state of West Virginia, under the provision of the act of Congress approved April 25, 1890 (26 Stat. 62), and thereafter on the 26th day of June, 1890, entered upon his duties as such commissioner at the first meeting of the commission at the city of Chicago, in the state of Illinois.
(2) That the executive committee of the World’s Columbian Commission, at a meeting held in the city of Chicago on the 28th day of September, 1893, created two offices designated as “Auditors of the World’s Columbian Commission,” and prescribed the duties at the same time, fixing the compensation at $12 per day, and elected complainant as one of said auditors. This action of the executive committee was duly reported to the World’s Columbian Commission at-its session in October, 1893, and was by it adopted and ratified on October 12, 1893.
• (3) That in pursuance of the practice of the World’s Columbian Commission in such cases, the action of the executive committee and commission in creating the offices of auditors, and prescribing the duties and compensation thereto and electing the complainant as auditor, was by resolution under the hand of the secretary of said commission and seal thereof, submitted to the Secretary of the Treasury for approval, which said approval was withheld until after the Comptroller of the Treasury on the 12th day of August, 1896, had decided that the creation of the offices of auditors was legal, and that the complainant was duly elected thereto; whereupon the Sec *513 retary of the Treasury, on the loth day of September, 1896, approved the compensation therein provided nunc pro tunc, and paid complainant as auditor from the 28th day of September, 1893, to the 21st day of February, 1894.
(4) That the World’s Columbian Exposition closed at Chicago, 111., on the 30th day of October, 1893, but at that date the work of the commission was incomplete, especially so in reference to awards, medals, and diplomas, and in collating data and material for making its final report to the President of the United States, which it was required to do under the provision of section 13 of the act of Congress approved April 25, 1890 (26 Stat. 64), and in order to complete its work the commission then in session determined to retain a number of its officers, employés, and committees, some for a limited, and others for an indefinite, period of time. Among those retained for an indefinite period were the auditors and the committee on awards.
(5) That from and after November 6, 1893, when the commission adjourned sine die, until October 20, 1896, the work of winding up the affairs of the commission was divided up between Chicago and Washington, most of which being done at the latter place, and that between said dates a number of officers, employés, and committees of the commission were on duty winding up the affairs of the commission, and that the commission made its final report to the President of the United States on the 20th day of October, 1896, and that during said period large sums of public funds were expended by the commission in executing the provision of the act of Congress approved April 25, 1890, and the several subsequent acts in furtherance thereof. »
(6) That claimant never resigned nor was he suspended or removed as auditor, and that he did not receive compensation as. such between-the 22d day of February, 1894, and the 20th day of October, 1896, and that during that period he faithfully performed all the duties imposed upon him growing out of his employment.
(7) That at the time complainant’s claim originated there were funds in the treasury of the United States out of which claimants could have been paid under the provisions of the act of Congress approved March 3, 1893 (27 Stat. 586).
(8) That there were 968 days between February 22, 1894, and October 20, 1896, at $6 per day, amounting to the sum of $5,808.
' (9) That complainant’s compensation was fixed at $12 per day, $6 of which was chargeable to the appropriation of the committee on awards made by Congress, approved March 3, 1893 (reimbursable),- and the complainant only claims the latter amount in his petition.
(10) The special master in his report in this case finds that for the period covered by complainant’s petition at $6 per day would amount to the sum of $5,808, but in said petition claimant only demands the sum of $5,568.
'Conclusions of Eaw.
Upon the foregoing findings of facts the court decides as a conclusion of law that the claimant is entitled to recover from the defendant, the United States, the sum of $5,568.
*514 This cause of action is based upon the provisions of the act of Congress approved April 25, 1890 (26 Stat. 62), under which the complainant in his petition states that he was duly elected to the office of auditor of the World’s Columbian Commission; that he performed all the duties pertaining to said office between the 22d day of February, 1894, to the 20th day of October, 1896, for which he has never been paid; that payment has been demanded of the officials of the Treasury Department of the United States and refused.
The petition sets forth the grounds upon which this cause of action is based, to which the defendant filed a demurrer, which was overruled, and thereupon the defendant filed its answer. The answer generally denies the right of the complainant to be elected or appointed to said office, and to claim the emoluments thereto attached because of the fact that he was a commissioner of the World’s Columbian Commission. I can find no tenable grounds for this contention. When the World’s Columbian Commission first met and perfected its organization at Chicago, Ill., on the 26th day of June, 1890, it* proceeded to elect the chief officers of the commission, and made its selections from its members. There was nothing in the statute prohibiting this action on the part of the commission; in fact, thev were advised by the Comptroller of the Treasury that they might do so in the following language contained in a telegram from said Comptroller, dated September 11, 1890: “It is held that the commission may elect officers from among their own members.” See page 63, Official Minutes First, Second, and Third Sessions World’s Columbian Commission. In addition to this the Secretary of the Treasury approved the action of the commission in this regard, and expended the public moneys on the strength of it. The action of the commission was fully known to Congress, which body continued to legislate in aid thereof, so that whatever doubts upon the subject might have existed originally they were removed by the acquiescence of the Secretary of the Treasury and Congress. “It was a public act, done by a public authorized agent of the government, and after-wards recognized by the government itself.” Edwards’ Lessee v. Darby, 12 Wheat. 206, 6 L. Ed. 603.
The answer denies that the Secretary of the Treasury approved the compensation as provided by the World’s Columbian Commission in creating the office of auditor of the commission, which he was required to do under section 19 of the act of Congress of April 25, 1890 (26 Stat. 66). Section 4 of said act directed the Secretary of State of the United States to call said commissioners together in the city of Chicago, Ill., within 30 days after their appointment, for the purpose of organization; and said section further provides that “the said commission at said first meeting shall organize by the election of such officers and the appointment of such committees as they may deem expedient.” This provision of the law unquestionably gave to the commission the unqualified power to elect officers, and to determine their tenure and prescribe their duties. Section 19 of said act provides that “the officers of said commission shall receive such, compensation as may be fixed by said commission, subject to the approval of the- Secretary of the Treasury, which shall be *515 paid out of the sums appropriated by Congress in aid of such exposition.” The meaning of this provision is free from doubt. It simply clothed the Secretary of the Treasury with power to exercise a discretion as to the quantum of compensation the commission should fix, and in no sense related to the tenure or duties of the office. To hold otherwise would be placing in the hands of the Secretary of the Treasury the power of executing the act of Congress—a power which Congress undoubtedly conferred upon the commission. The act of Congress provides no special form of action by which the Secretary of the Treasury shall manifest his approval. The purpose of the act was simply to clothe the Secretary with power to guard against the giving of an unreasonable or excessive compensation to the officers of the commission. He might manifest his action by approval or disapproval in writing, but, after having been advised of all the facts, nonaction upon his part would be held an affirmance. See U. S. v. Speed, 8 Wall. 77, at pages 83, 84, 19 L. Ed. 449.
The provision of the act of April 25, 1890, relating to the compensation of the salaries of officers of the commission, seems to have received the construction of the Treasury Department, because on October 14, 1890, the Honorable William Windom, then Secretary of the Treasury, addressed a letter on the subject to the commission. See official minutes of the executive committee from September 17, 1890, to October 21, 1890, pages 14 and 15. In that communication the secretary uses the following language, referring to section 19: “It is fair to presume that Congress intended by this last-mentioned provision of law to prevent the giving of what might be termed unreasonable compensation to any of the officers of the commission.” I fully agree with this construction. It was made by a Secretary of the Treasury who was first called upon to construe his own powers under that section of the act, and, as I am not advised to the contrary, I assume that it was followed by his successors in office.
The powers and duties of the World’s Columbian Commission were of a national and international character, and they alone were responsible to the Congress and President of the United States for the faithful execution of the provisions of the act by which it was created. They could not act without officers, and its officers were entitled to compensation. When the resolution creating the offices of auditors of the commission was in the usual form submitted to the Secretary of the Treasury, that official replied to the executive committee in a communication dated October 4, 1893, in the following language:
“Without discussing the question whether these two offices were legally created, this office declines, in view of the demands which will be made upon the appropriation for expenses of committee on awards, World’s Columbian Commission (reimbursable), to approve the payment of any salary to such officers from that appropriation.”
See Commission Minutes, Oct. 4 to Nov. 6, 1893, p. 31.
I can find nothing in that communication from which it may be inferred even that the Secretary regarded the rate of compensation fixed as excessive, and that was the only question really before him. I can find nothing in the act approved March 3, 1893 (27 Stat. 586) *516 giving the Secretary of the Treasury the power to determine how that appropriation should be expended. It was an appropriation to enable the World’s Columbian Commission and Board of Lady Managers “to .give effect to, and execute the provision of section six (6) of the act of Congress, approved April 25th, 1890 (26 Stat. 63).” Section 6 comprehended the entire scope of “exhibits, awards, premiums, and all intercourse with the exhibitors and the representatives of foreign nations”—very important duties to be performed by the commission; and the power was with them to determine what, if any, agencies were necessary and required to aid them in executing the provision of that section, subject only to the power conferred on the Secretary of the Treasury under section 19 of the act. I construe that letter of October 4, 1893, as equivalent to saying to the commission : “I do not object to the rate of compensation affixed to the offices which you have created.” This would seem to be an approval of the rate of'compensation, as contemplated under section 19.
But from the communication aforesaid it would seem that the Secretary of the Treasury had in his mind some doubts as to the legality of the creation of these offices, though he fails to point out to the commission in what particular. Subsequently, when the complainant filed a claim in the Treasury Department for salary as auditor of the commission, the Secretary of the Treasury submitted-the entire question as to the legality of the creation of said office, and the right of the complainant to receive the compensation at the rate of $6 per day from the appropriation of “expenses, committee on awards, World’s Columbian Commission” (reimbursable), to the Comptroller of the Treasury. The Comptroller decided all these questions in favor of the complainant. See 3 Dec. Comp. Treas. p. 76. Whereupon the Secretary of the Treasury on the 10th day of September, 1896, formally approved nunc pro tunc the action of the commission. This action of the Secretary of the Treasury related back to the time when the office was created and the compensation thereto affixed, and was a complete and affirmative exercise of the power conferred upon him under section 19 of the act, thus setting at rest any doubts which might exist as to the effect of his communication of October 4, 1893, addressed to the executive committee of the commission.
Under the action of the Comptroller and Secretary of the Treasury complainant was'paid as an officer of the commission from the date of his appointment, September 28, 1893, to February 20, 1894, which could not have been done without the complete exercise of the power conferred upon the Secretary under section 19.
The commission having created the office and affixed the compensation thereto, which was approved by the' Secretary of the Treasury, complainant’s rights were fully established, and he was -entitled to perform the duties imposed and receive the compensation affixed until he resigned or was removed therefrom by the commission. The evidence shows his election to the office; that he never resigned; that he was never removed; and that he performed the duties imposed upon him from the 22d day of February, 1894, to the *517 20th day of October, 1896, the period claimed in his petition for which he has received no compensation.
The evidence further shows that the World’s Columbian Commission, through its board of control, completed the work for which it was created, and made a final report to the President of the United States, on the 20th day of October, 1896, as they were directed to do under the provision of section 13, act approved April 25, 1890 (26 Stat. 64). This operated as a termination of the employment of all the officers of the commission, and complainant could not claim compensation subsequent to that date, although the act of Congress extended the life of the commission to the 1st day of January, 1898.
The officers of the World’s Columbian Commission were not statutory officers of the United States, but were employés whose tenure of office was at an end when the work for which the commission was created was completed, and their right tó compensation depended upon the appropriations made by Congress from time to time in aid of such exposition.
The evidence in this cause shows that at the time complainant’s claim arose there were funds in the Treasury Department, which had been appropriated by Congress in aid of such exposition under the provision of the act approved March 3, 1893, available, and from which the complainant was entitled to his compensation. The evidence shows that after the commission closed their work at Chicago, on November 6, 1893, up to October 20, 1896, when the final report was made to the President of the United States, the principal work of the officers and subordinate agencies of the commission was that of executing the provision of section 6 of the act of Congress approved April 25, 1890 (26 Stat. 63), relating to “committees, judges, and examiners for the exposition and the granting of awards,” etc.; and the appropriation under the act of Congress approved March 3, 1893 (27 Stat. 586), known as appropriation committee on awards (reimbursable), was made to enable the commission to complete that important work out of which said officers and agencies were entitled to be paid.
This construction of the act of March 3, 1893, relative to the application of that appropriation for such purposes, was adopted by the Comptroller of the Treasury, the highest authority upon such matters under the administrative action of the executive branch of the government, and was followed by the Secretary of the Treasury, and thereunder an officer of the World’s Columbian Commission was paid from said appropriation as late as June, 1898. See In re John T. Dickinson, 4 Dec. Comp. Treas. 696.
Therefore, upon the findings of fact and conclusions of law, I am of the opinion that complainant is entitled to recover, and a decree will be entered in conformity to the foregoing opinion.